**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00091-CV**
_____

**IN RE DUKE W. COON**

**AND**

_____

**NO. 09-24-00093-CV**
_____

**IN RE SHANA R. ARTHUR**

_____

**Original Proceedings**
**Montgomery County, Texas**

_____

**MEMORANDUM OPINION**

In separate mandamus petitions, Duke W. Coon (Coon) and Shana R. Arthur (Arthur) ask this Court to compel the Respondent, Soco M. Gorjón (Gorjón), in her capacity as the City Secretary of the City of Conroe Texas, to reject applications to appear on the ballot filed by Real Parties in Interest Bobby Todd Yancey (Yancey)

1

and Curt L. Maddux (Maddux). The mandamus record establishes that on January 17, 2024, Gorjón accepted Yancey's and Maddux's applications for a place on the ballot in the May 4, 2024 General Election for the City of Conroe. Coon and Arthur assert that Gorjón accepted the applications, but she should have rejected the applications when each application was received by Gorjón. They ask this Court to compel her to now reject the applications as a duty imposed by law in connection with the holding of the election. *See* Tex. Elec. Code Ann. §§ 273.061-.063; *see also* Tex. R. App. P. 52. We deny the petitions for a writ of mandamus.

**Background**

Yancey and Maddux are currently serving as councilmen on the City Council for the City of Conroe. Both Yancey and Maddux have submitted applications for a place on the May 2024 general election ballot. Yancey has submitted an application to appear on the ballot for the position of Mayor, while Maddux has submitted his application to appear on the ballot for re-election to his current position for place 2 on the City Council. The filing period for the May 2024 election commenced on January 17, 2024, and concluded on February 16, 2024. According to Coon, on January 17, 2024, Gorjón retrieved Yancey's application from his desk at the City's offices. Coon contends that Yancey left the field for "occupation" blank but Yancey's signature was on the application when it was retrieved from his desk. That said Coon contends that the notary's signature and stamp were absent at that time.

2

According to Arthur, on January 17, 2024, Gorjón also retrieved Maddux's application from his desk at the City's offices, and when she did so Maddux's signature was on the application, but the notary's signature and stamp were absent. Coon and Arthur contend that the City Secretary gave Yancey's and Maddux's applications to a notary public in the City's office and the notary then notarized the applications and signatures for Yancey and Maddux.

A copy of the application filed by Yancey and Maddux appears in the mandamus appendix for each mandamus petition. Yancey's and Maddux's application each bear the signature of an Official Authorized to Administer Oath and each is stamped with a seal as a Notary Public for the State of Texas. The applications are dated January 17, 2024, are signed by the candidates, and bear Gorjón's signature with a notation that each was received at 8:00 am on January 17, 2024, and accepted by Gorjón that same day. The field for date of birth and occupation are blank on Yancey's application. Yancey's application states a length of continuous residence in Texas of 64 years, 6 months and states Yancey has lived in the territory for which the office is sought for 7 years, 6 months. The field for date of birth is blank on Maddux's application, but his occupation is listed as being employed by Conroe Golf Cars. Maddux's application states a length of continuous residence in Texas of 55 years, 6 months and states Maddux has lived in the territory for which the office is sought for 48 years, 6 months.

Coon and Arthur do not argue that Yancey and Maddux failed to sign the applications, nor do they contend that either signature has been forged. Additionally, they do not argue that either Coon or Arthur is unqualified by residency, or age to serve on the City Council. Rather, they argue Gorjón should have rejected the applications because Maddux and Yancey affixed their signatures to the applications on a date before January 17, 2024, and they were not physically present when the notary affixed her signature and seal to the applications. Consequently, Coon and Arthur argue, Yancey and Maddux actually failed to swear to the information in the application and failed to swear to their oaths in the application wherein they promise to uphold the Constitutions of the United States and the State of Texas. Coon argues that in addition to failing to swear an oath to uphold the Constitutions, Yancey failed to comply with the requirements of the Election Code when he left blank the section on the application requiring him to identify his occupation. Coon and Arthur argue that under the Election Code Gorjón had a ministerial duty to reject the applications because these defects rendered the applications invalid. On January 17, 2024, Gorjón accepted both applications. However, after the filing deadline had closed, a request was made for Gorjón to reject the applications. Coon and Arthur contend they did not know about the irregularities in question until March 2024, which they admit was after the filing deadline had closed. Relators ask this Court to compel Gorjón to now reject the applications.

4

**Mandamus Review**

Mandamus relief is an extraordinary remedy that issues only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A court of appeals "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." Tex. Elec. Code Ann. § 273.061(a).

That said, the Texas Supreme Court has "long and consistently held, '[t]he public interest is best served when public offices are decided by fair and vigorous elections, not technicalities leading to default.'" *In re Walker*, No. 24-0016, 2024 Tex. LEXIS 17, *1 (Tex. 2024) (orig. proceeding) (quoting *In re Francis*, 186 S.W.3d 534, 542 (Tex. 2006) (orig. proceeding)). "[P]rovisions that restrict the right to hold office must be strictly construed against ineligibility." *Id*. at *3 (quoting *Francis*, 186 S.W.3d at 542 & n.34 and citing *In re Green Party of Tex.*, 630 S.W.3d 36, 39 (Tex. 2020) (orig. proceeding)). Mandamus is not issued as a matter of right. *Id*. Even if a candidate's application may have some deficiencies, an opposing candidate is not entitled to mandamus relief when the opposing candidate's claims require factual determinations. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

5

Coon states "there is no dispute that Councilman Yancey signed the application," then Coon argues Yancey did not swear to the application because he was not physically present when the notary affixed her signature and seal to the application. Coon asserts that Yancey falsely stated how long he had lived in Texas and Conroe because he signed it before the date it was submitted, and he falsely stated that he had sworn to uphold the constitutions and laws of the United States and Texas because he did not swear to the oath in the presence of the notary at the time the notary affixed her seal. Coon argues it was not possible for Gorjón to accept Yancey's application on January 17, 2024, because the application was never sworn to by Yancey, and Gorjón later admitted she was aware that the candidate's signature and the notary's signature and seal were not contemporaneously affixed to the application. He argues this Court must compel Gorjón to now reject Yancey's application and remove Yancey from the ballot because Gorjón should not have accepted an application she knew was deficient and that had not been sworn to in the presence of the notary.

Likewise, Arthur states, "there is no dispute that Councilman Maddux signed the application," then Arthur alleges Maddux did not swear to the application because he was not physically present when the notary affixed her signature and seal to the application. Arthur makes similar arguments as Coon. Arthur argues it was not possible for Gorjón to accept Maddux's application on January 17, 2024, because

6

the application was never properly sworn to by Maddux, and as Gorjón later admitted to the press, she was aware that the candidate's signature and the notary's signature and seal were not contemporaneously affixed to the application at the time and date when Maddux signed it.

We conclude that the alleged complaints outlined in the mandamus petitions require factual determinations and Coon and Arthur have not shown that mandamus relief is warranted at this time. We deny Coon's and Arthur's petitions for writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a). We also deny all pending motions for temporary relief. *See* Tex. R. App. P. 52.10.

PETITIONS DENIED.

PER CURIAM

Submitted on March 15, 2024
Opinion Delivered March 15, 2024

Before Golemon, C.J., Johnson and Wright, JJ.